UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PIERCE J. JONES, | ) |
| Petitioner, | ) 2:08-cv-0152-RCJ-GWF |
| vs. | ) **ORDER** |
| BRIAN WILLIAMS, *et al.*, | ) |
| Respondents. | ) |

This action is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, by Pierce J. Jones, a Nevada state prisoner. Before the Court is respondents' motion to dismiss the petition. (Docket #9).

**I.    Procedural History**

On December 5, 2005, the State filed an amended information charging petitioner with robbery. (Exhibit 7).[1] A guilty plea agreement, signed by petitioner, was filed on December 5, 2005, whereby petitioner agreed to plead guilty to robbery and stipulated to adjudication under the "small" habitual criminal statute. (Exhibit 8). Petitioner pleaded guilty pursuant to the plea agreement. (Exhibit 9). On December 8, 2005, petitioner was sentenced to a minimum of 5 years and a maximum of 20 years in the Nevada Department of Corrections, with 180 days credit for time served. (Exhibit 11). Petitioner did not appeal his conviction.

On December 7, 2006, petitioner filed a post-conviction habeas petition in state district court. (Exhibit 12). The district court denied the petition. (Exhibit 14). Petitioner appealed the denial

---

[1] The exhibits referenced in this order were provided by respondents in support of their motion to dismiss and are found in the Court's record at Docket #10.

of his state habeas petition. (Exhibit 15). On January 8, 2008, the Nevada Supreme Court filed its order affirming the district court's denial of the state habeas petition. (Exhibit 16). Remittitur issued on February 5, 2008. (Exhibit 17). This Court received petitioner's federal habeas petition on February 5, 2008. (Docket #1).

## II.     Discussion

### A.  Grounds One and Two

In Ground One, petitioner alleges constitutional violations because he pleaded guilty only to robbery, but was sentenced to a term of 5 to 20 years as a habitual criminal. Petitioner asserts that he was not adjudicated a habitual criminal. Petitioner contends that he should have been sentenced for robbery only. In Ground Two, petitioner alleges that he was denied a trial by a jury of his peers to determine whether he was a habitual criminal. Petitioner presented both of these claims in his state habeas petition. (Exhibit 12).

Respondents argue that Grounds One and Two are procedurally defaulted. "Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003)..

Under Nevada law, the only claims that may be brought in a petition for writ of habeas corpus challenging a judgment of conviction based on a guilty plea are those claims that allege the plea was involuntary or unknowingly entered, or that the plea was entered without effective assistance of counsel. Any other claims are subject to dismissal. NRS 34.810(1)(a); *Kirksey v. State*, 112 Nev. 980 (1996). The Nevada Supreme Court explicitly relied on this procedural bar when it declined to review the claims of the state habeas petition that correspond to Grounds One and Two of the federal habeas petition. (Exhibit 16, at p. 4). The decision of the state court regarding those claims rested on a state law ground that is independent of the federal question and adequate to support the judgment. Petitioner does not argue otherwise, and does not present any argument concerning cause and prejudice in this response to the instant motion to dismiss. In fact, petitioner concedes that Grounds One and Two are procedurally defaulted: "Petitioner herein waives claims one (1), and two (2)" of the petition. (Petitioner's Response, Docket #13, at p. 1). The remainder of petitioner's response addresses Ground Three, which is discussed *infra*. As such, the Court grants respondents' motion to dismiss Grounds One and Two as procedurally barred.

**B.  Ground Three**

In Ground Three, petitioner asserts two claims of ineffective assistance of counsel. First, petitioner contends that he was denied effective assistance of counsel due to his trial counsel's failure to object to petitioner being sentenced as a habitual criminal. Second, petitioner asserts that he was denied effective assistance of counsel due to his trial counsel's failure to require proof beyond a reasonable doubt to substantiate that petitioner was a habitual criminal.

In the instant motion to dismiss, respondents address petitioner's claims of ineffective assistance of counsel in Ground Three on the substantive merits of the petition, under the *Strickland v. Washington* standard. When ruling on the merits of a habeas corpus petition, the Court must have before it proper pleadings and briefing, pursuant to Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254. This includes an answer addressing the allegations and merits of the petition, the transcript and record of state court proceedings, and a reply brief from

petitioner. The Court declines to address the merits of Ground Three of the petition on the posture of a motion to dismiss, and instead requires proper briefing pursuant to Rule 5, as explained above. The Court offers no opinion as to the merits of respondents' arguments concerning Ground Three contained in the instant motion to dismiss.

Further, the Court will entertain no further motions to dismiss in the instant action. Instead, respondents shall file an answer addressing Ground Three of the petition. If any procedural issues exist, such arguments shall be included within the answer. In filing an answer, respondents need not re-submit the exhibits accompanying the motion to dismiss, but may file supplemental exhibits, to the extent necessary, in order to provide this Court with all relevant parts the record.

### III.     Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (Docket #9) is **GRANTED IN PART AND DENIED IN PART,** as follows: The motion to dismiss is **GRANTED** as to Grounds One and Two of the petition, which are **DISMISSED WITH PREJUDICE** as procedurally barred. The motion to dismiss is **DENIED** with respect to Ground Three of the petition.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** from the date of this order, respondents **SHALL FILE AN ANSWER** addressing the merits of **Ground Three** of the petition and any procedural issues that may exist. Respondents' answer shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254. Supplemental exhibits, if any, shall be filed with the answer. Petitioner's reply, if any, shall be filed within **30 days** after being served with the answer.

DATED: January 5, 2009

_____
UNITED STATES DISTRICT JUDGE

(ec-p1)