UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PIERCE J. JONES,                          )
                                          )
      Petitioner,                       )  2:08-cv-00152-GMN-GWF
                                          )
vs.                                       )  **ORDER**
                                          )
BRIAN WILLIAMS, *et al.*,                 )
                                          )
      Respondents.                      )
_____/

This action is a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. This matter comes before the Court on the merits of the petition.

**I. Procedural History**

On December 5, 2005, the State filed an amended information charging petitioner with robbery. (Exhibit 7).[1] A guilty plea agreement, signed by petitioner, was filed on December 5, 2005, whereby petitioner agreed to plead guilty to robbery and stipulated to adjudication under the "small" habitual criminal statute. (Exhibit 8). Petitioner pleaded guilty pursuant to the plea agreement. (Exhibit 9). On December 8, 2005, petitioner was sentenced to a minimum of 5 years and a maximum of 20 years in the Nevada Department of Corrections, with 180 days credit for time served. (Exhibit 11). Petitioner did not appeal his conviction.

On December 7, 2006, petitioner filed a post-conviction habeas petition in state district court. (Exhibit 12). The state district court denied the petition. (Exhibit 14). Petitioner appealed the denial of his state habeas petition. (Exhibit 15). On January 8, 2008, the Nevada Supreme Court filed its order affirming the district court's denial of the state habeas petition. (Exhibit 16). Remittitur issued on February 5, 2008. (Exhibit 17).

---

[1] The exhibits referenced in this order are found in the Court's record at ECF No. 10.

1    This Court received petitioner's federal habeas petition on February 5, 2008.  (ECF No. 1-1).
2 Respondents brought a motion to dismiss on July 31, 2008.  (ECF No. 9).  By order filed January 7,
3 2009, the Court granted in part, and denied in part, respondents' motion to dismiss.  (ECF No. 17).
4 The Court dismissed with prejudice Grounds One and Two of the petition as procedurally barred.
5 (*Id.*).  The Court directed respondents to file an answer addressing Ground Three of the petition.
6 (*Id.*).  Respondents filed an answer to Ground Three.  (ECF No. 20).  Petitioner has filed a reply.
7 (ECF No. 21).

**II. Federal Habeas Corpus Standards**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002).  A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

In determining whether a state court decision is contrary to, or an unreasonable application of federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001). Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**III. Discussion**

In Ground Three of the federal petition, petitioner asserts two claims of ineffective assistance of counsel. First, petitioner contends that he was denied effective assistance of counsel due to his trial counsel's failure to object to petitioner being sentenced as a habitual criminal. Second, petitioner asserts that he was denied effective assistance of counsel due to his trial counsel's failure to require proof beyond a reasonable doubt to substantiate that petitioner was a habitual criminal. (ECF No. 3).

**A. Standard for Ineffective Assistance of Counsel Claims**

Ineffective assistance of counsel claims are governed by the two-part test announced in *Strickland v. Washington,* 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense. *Williams v.*

*Taylor,* 529 U.S. 362, 390-391 (2000) (citing *Strickland,* 466 U.S. at 687).  To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness.  *Id.*  To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Id.*  A reasonable probability is "probability sufficient to undermine confidence in the outcome."  *Id.*  Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight.  *Strickland,* 466 U.S. at 689.  It is the petitioner's burden to overcome the presumption that counsel's actions might be considered sound trial strategy.  *Id.*

Ineffective assistance of counsel under *Strickland* requires a showing of deficient performance of counsel resulting in prejudice, "with performance being measured against an 'objective standard of reasonableness,'. . . 'under prevailing professional norms.'" *Rompilla v. Beard,* 545 U.S. 374, 380 (2005) (quotations omitted).  If the state court has already rejected an ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary to, or an unreasonable application of the *Strickland* standard.  *See Yarborough v. Gentry,* 540 U.S. 1, 5 (2003).  There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Id.*

**B.  Ground 3(a)**

Petitioner claims that he was denied effective assistance of counsel due to his trial counsel's failure or refusal to object to petitioner being sentenced as a habitual criminal.  (ECF No. 3, at p. 7).  The Nevada Supreme Court considered this claim and concluded that petitioner failed to show that his counsel was deficient or that he was prejudiced by the alleged error.  The Nevada Supreme Court ruled as follows:

> First, appellant claimed that his trial counsel was ineffective for failing to object to his being sentenced as a habitual criminal.  Appellant failed to demonstrate that his trial counsel's performance was

1     deficient.  Appellant failed to set forth any grounds upon which trial
    counsel should have objected to his being sentenced as a habitual
2     criminal.  Importantly, a review of the record reveals that appellant's
    sentence was legally supportable.  **In his guilty agreement, appellant**
3     **was informed of the potential sentence for small habitual criminal**
    **treatment.  Four certified judgments of conviction were entered**
4     **into evidence at the sentencing hearing.  Appellant stipulated to**
    **adjudication under the small criminal statute.**  Under these
5     circumstances, appellant failed to demonstrate that the proceedings
    would have been different if his counsel had objected to his being
6     sentenced under the small habitual criminal statute.  Therefore,
    appellant's trial counsel was not ineffective, and the district court did
7     not err in denying appellant's claim.

8 (Exhibit 16, at pp. 2-3) (footnote and citation omitted).  The Nevada Supreme Court cited to and

9 applied the correct federal standard for ineffective assistance of counsel, *Strickland v. Washington*,

10 466 U.S. 668 (1984).  (Exhibit 16, at p. 2, n.1).  The Nevada Supreme Court denied relief, finding

11 that petitioner failed to demonstrate that his counsel was deficient and failed to demonstrate that he

12 was prejudiced by trial counsel's alleged error.  The factual findings of the state court are presumed

13 correct.  28 U.S.C. § 2254(e)(1).  Petitioner has failed to meet his burden of proving that the state

14 court's ruling was contrary to, or involved an unreasonable application of, clearly established federal

15 law, as determined by the United States Supreme Court, or that the ruling was based on an

16 unreasonable determination of the facts in light of the evidence presented in the state court

17 proceeding.  This Court denies habeas relief as to Ground 3(a).

18   **C.  Ground 3(b)**

19   Petitioner claims that he was denied effective assistance of counsel due to his trial counsel's

20 failure to require proof beyond a reasonable doubt to substantiate that petitioner was a habitual

21 criminal.  (ECF No. 3, at p. 7).  The Nevada Supreme Court considered this claim and rejected it.

22 (Exhibit 16, at p. 3).  The Nevada Supreme Court found that petitioner failed to show how his

23 counsel was deficient.  The Court reasoned that, **the Nevada statute addressing habitual**

24 **criminals, NRS 207.010, "does not require the district court to find any facts beyond prior**

25 **convictions before sentencing a defendant as a habitual criminal."**  (Exhibit 16, at p. 3).  The

26 Nevada Supreme Court cited a Nevada case, *Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103

1  (2006), which holds that trial counsel is not required to make futile objections in order to avoid
2  ineffective assistance of counsel claims.  (*Id.*).  Petitioner failed to show how he was prejudiced by
3  counsel's failure to require his status as a habitual criminal be proven beyond a reasonable doubt.
4  The factual findings of the state court are presumed correct.  28 U.S.C. § 2254(e)(1).  Petitioner has
5  failed to meet his burden of proving that the state court's ruling was contrary to, or involved an
6  unreasonable application of, clearly established federal law, as determined by the United States
7  Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of
8  the evidence presented in the state court proceeding.  This Court denies habeas relief as to Ground
9  3(b).

**IV. Certificate of Appealability**

In order to proceed with an appeal, petitioner must receive a certificate of appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further.  *Id.*  This Court has considered the issues raised by petitioner in the reply, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard.  The Court will therefore deny petitioner a certificate of appealability.

**V. Conclusion**

**IT IS THEREFORE ORDERED** the Petition for a Writ of Habeas Corpus (ECF No. 3) is **DENIED**.

6

1       **IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

      **IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

      **DATED** this 22nd day of June, 2011.

_____
Gloria M. Navarro
United States District Judge